# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMIRO GARZA, | CV F   06-1856 OWW SMS HC |
| Petitioner, | ORDER DISMISSING PETITION WITH LEAVE TO AMEND AND DIRECTING CLERK OF COURT TO SEND PETITIONER A BLANK PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| ON HABEAS CORPUS, | [Doc. 1] |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner filed the instant petition for writ of habeas corpus on December 20, 2006. (Court Doc. 1.)

**DISCUSSION**

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each Petition for Writ of Habeas Corpus.  The Court must dismiss a Petition "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief in the district court."  Rule 4 of the Rules Governing  2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990).

A.   Improper Respondent

A petitioner seeking habeas corpus relief under 28 U.S.C. § 2254 must name the state officer having custody of him as the respondent to the petition.  Rule 2 (a) of the Rules

1  Governing § 2254 Cases; <u>Ortiz-Sandoval v. Gomez</u>, 81 F.3d 891, 894 (9th Cir. 1996); <u>Stanley v.
2  California Supreme Court</u>, 21 F.3d 359, 360 (9th Cir. 1994). Normally, the person having
3  custody of an incarcerated petitioner is the warden of the prison in which the petitioner is
4  incarcerated because the warden has "day-to-day control over" the petitioner. <u>Brittingham v.
5  United States</u>, 982 F.2d 378, 379 (9th Cir. 1992); <u>see, also,</u> Stanley v. California Supreme Court,
6  21 F.3d 359, 360 (9th Cir. 1994). However, the chief officer in charge of state penal institutions
7  is also appropriate. <u>Ortiz</u>, 81 F.3d at 894; <u>Stanley</u>, 21 F.3d at 360. Where a petitioner is on
8  probation or parole, the proper respondent is his probation or parole officer and the official in
9  charge of the parole or probation agency or state correctional agency. <u>Id</u>.

10       In this case, Petitioner neglected to name a Respondent. Petitioner's failure to name a
11  proper respondent requires dismissal of his habeas petition for lack of jurisdiction. <u>Stanley</u>, 21
12  F.3d at 360; <u>Olson v. California Adult Auth.</u>, 423 F.2d 1326, 1326 (9th Cir. 1970); <u>see</u> also
13  <u>Billiteri v. United States Bd. Of Parole</u>, 541 F.2d 938, 948 (2nd Cir. 1976). However, in this
14  case, the Court will give petitioner the opportunity to cure his defect by amending the petition to
15  name a proper respondent. <u>See</u> <u>West v. Louisiana</u>, 478 F.2d 1026, 1029 (5th Cir.1973), *vacated
16  in part on other grounds*, 510 F.2d 363 (5th Cir.1975) (en banc) (allowing petitioner to amend
17  petition to name proper respondent); <u>Ashley v. State of Washington</u>, 394 F.2d 125 (9th Cir.
18  1968) (same).

19  B.    <u>Failure to State a Claim/Illegible Petition</u>

20       Petitioner's petition is largely illegible and incoherent, as the Court cannot determine the
21  claims for which he seeking relief. Petitioner is advised that pursuant to Local Rule 7-130, all
22  documents submitted to the Court must be legible. Further, Petitioner is advised that pursuant to
23  Rule 2 of the "Rules Governing Section 2254 Cases" provide that the petition:

> " . . . shall specify all the grounds for relief which are available to the petitioner
> and of which he has or by the exercise of reasonable diligence should have
> knowledge and Shall set forth in summary form the facts supporting each of the
> grounds thus specified."

     The Court cannot discern Petitioner's claims from the information provided. Petitioner

fails to identify any of his grounds for relief with any specificity and he fails to support his claims with sufficient facts. Petitioner has not clearly and legibly set forth his constitutional claims for relief. Accordingly, Petitioner must re-submit his petition.

C.     <u>Failure to State a Federal Claim</u>

The basic scope of habeas corpus is prescribed by statute. Subsection (c) of Section 2241 of Title 28 of the United States Code provides that habeas corpus shall not extend to a prisoner unless he is "in custody in violation of the Constitution." 28 U.S.C. § 2254(a) states:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to a judgment of a State court *only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States*.

(emphasis added). <u>See also</u>, Rule 1 to the Rules Governing Section 2254 Cases in the United States District Court. The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . ." <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 484 (1973).

Furthermore, in order to succeed in a petition pursuant to 28 U.S.C. § 2254, Petitioner must demonstrate that the adjudication of his claim in state court

> resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1),(2).

In the instant case, Petitioner fails to state a cognizable federal claim. Petitioner does not allege a violation of the Constitution or federal law, nor does he argue that he is in custody in violation of the Constitution or federal law. Petitioner does not allege that the adjudication of his claims in state court "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, . . . or resulted in a decision that was based on an unreasonable determination of the facts . . . ." 28 U.S.C. § 2254.

Accordingly, the petition must be dismissed.

3

1  D.     Exhaustion State Court Remedies

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir.2000), *amended*, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir.1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998). In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct' alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366. The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law*. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in

4

> Duncan, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident,"* Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
>
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

Petitioner indicates that he has not sought review in the California Supreme Court. (Petition, at 5.) If Petitioner has not presented his claims to the California Supreme Court, the Court cannot proceed to the merits of the claim. 28 U.S.C. § 2254(b)(1). It is possible, however, that Petitioner has presented certain claims to the California Supreme Court and simply neglected to inform this Court. Thus, Petitioner must inform the Court if his claim has been presented to the California Supreme Court, and if possible, provide the Court with a copy of the petition filed in the California Supreme Court, along with a copy of any ruling made by the California Supreme Court.

E.     Conclusion

The instant petition must be dismissed for the above-stated reasons. Petitioner will be given an opportunity to file a first amended petition to cure the deficiencies. Petitioner is advised that failure to file a petition in compliance with this order (i.e., naming of a proper respondent, a completely filled-out petition with cognizable federal claims clearly stated, and exhaustion of state remedies clearly stated) within the allotted time will result in a recommendation that the petition be dismissed and the action be terminated. Petitioner is advised that the amended petition should be titled "First Amended Petition" and must reference the instant case number.

**ORDER**

Accordingly, the petition for writ of habeas corpus is hereby DISMISSED. Petitioner is GRANTED thirty (30) days from the date of service of this order to file an amended petition in compliance with this order. Failure to comply with this order will result in a recommendation

5

that the instant petition be dismissed for failure to state a claim and for failure to comply with a court order.  Local Rule 11-110.  The Clerk of Court is DIRECTED to send Petitioner a form petition pursuant to 28 U.S.C. § 2254.

IT IS SO ORDERED.

**Dated:     January 31, 2007**               /s/ Sandra M. Snyder
icido3                                        UNITED STATES MAGISTRATE JUDGE