# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMIRO GARZA, | CV F   06-1856 OWW SMS HC |
| Petitioner, | FINDINGS AND RECOMMENDATIONS REGARDING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| ON HABEAS CORPUS, | [Doc. 6] |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner filed the instant petition for writ of habeas on December 20, 2006.  On January 31, 2007, the Court dismissed the petition with leave to amend as no cognizable claims were raised.  On February 7, 2007, Petitioner filed an amended petition.  (Court Doc. 6.)

## DISCUSSION

A.   Procedural Grounds for Summary Dismissal

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief."  Rule 4 of the Rules Governing  2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990). A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted.  Jarvis v. Nelson, 440

F.2d 13, 14 (9th Cir. 1971).

B.      Failure to State Cognizable Claim

The basic scope of habeas corpus is prescribed by statute. Subsection (c) of Section 2241 of Title 28 of the United States Code provides that habeas corpus shall not extend to a prisoner unless he is "in custody in violation of the Constitution." 28 U.S.C. § 2254(a) states:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to a judgment of a State court *only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States*.

(emphasis added). See also, Rule 1 to the Rules Governing Section 2254 Cases in the United States District Court. The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . ." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).

Furthermore, in order to succeed in a petition pursuant to 28 U.S.C. § 2254, Petitioner must demonstrate that the adjudication of his claim in state court

> resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1),(2).

In the amended petition, Petitioner fails to raise any cognizable or coherent claims for relief. The Court has previously granted Petitioner the opportunity to amend the petition and Petitioner has failed to comply with the order. Accordingly, dismissal of the action for failure to state a claim is warranted.

**RECOMMENDATION**

Accordingly, the Court HEREBY RECOMMENDS that the instant petition for writ of habeas corpus be DISMISSED for failure to state a claim cognizable under 28 U.S.C. § 2254.

This Findings and Recommendation is submitted to the Honorable Oliver W. Wanger, United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern

1  District of California.
2       Within thirty (30) days after being served with a copy, any party may file written
3  objections with the court and serve a copy on all parties.  Such a document should be captioned
4  "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the objections
5  shall be served and filed within ten (10) <u>court</u> days (plus three days if served by mail) after
6  service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to
7  28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the
8  specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951
9  F.2d 1153 (9th Cir. 1991).
10   IT IS SO ORDERED.
11  **Dated:    May 9, 2007**                    /s/ Sandra M. Snyder
                                              UNITED STATES MAGISTRATE JUDGE